**UNITED STATES DISTRICT COURT FOR THE**
Western District of Texas



Willie J Cantrell,

Plaintiff,

v.

John Westerman,
Matthew Walts,
Gary Cole,
The Texas Highway Patrol,
The Texas Department of Public Safety,
and The Tom Green County Sheriff's Office,

Defendants,

1:23CV1071 RP

**ORIGINAL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
Civil Action No. _____

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's additional claims for relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for the Western District of Texas is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the plaintiff resides; in Austin, Texas. The events giving rise to this claim occurred while the plaintiff lived within the Western District of Texas, which covers Austin.

### II. PARTIES TO THE COMPLIANT

3. Plaintiff, Willie J Cantrell, MBA, is an accountant and musician and a citizen of the State of Texas. The plaintiff is the subject of the violation of several civil rights which have resulted in bodily injuries including physical impairment and disfigurement as well as mental anguish.

4. Defendant, John Westerman, is the state trooper of the Texas Highway Patrol, a division of the Texas Department of Public Safety. He [or she] is legally responsible..

5. Defendant, Matthew Walts, is the K-9 unit officer of the Texas Department of Public Safety. He [or she] is legally responsible.

6. Defendant, Gary Cole, is the detective officer of the Tom Green County Sheriff's Office. He [or she] is legally responsible.

7. Defendant, Texas Department of Public Safety (TDPS), is a Texas governmental unit that is legally responsible for the overall operation of the department and each institution under its jurisdiction, including the field offices in which the officers are assigned. The TDPS is headquartered in Austin and located at 5805 N Lamar Blvd Austin TX 78752. The TDPS may be contacted by phone at 512-424-2000.

8. Defendant, Texas Highway Patrol (THP), is a Texas governmental unit that is legally responsible for the overall operation of the department and each institution under its jurisdiction, including the field offices in which the officers are assigned. The THP is headquartered in Austin and located at 9000 N Interstate 35 Frontage Rd, Austin, TX 78753.
The THP may be contacted by phone at 512-424-2000.

9. Defendant, Tom Green County Sheriff's Office (TGCSO), is a Texas governmental unit that is legally responsible for the overall operation of the department and each institution under its jurisdiction, including the field offices in which the detectives and officers are assigned. The TGCSO is located at 222 W Harris Ave, San Angelo, TX 76903. The TGCSO may be contacted by phone at 325-655-8111.

10. Each defendant is sued individually and in his [or her] official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

III. Facts

11. On May 02, 2020, plaintiff Willie J Cantrell was driving on route to San Angelo, Texas to celebrate his birthday weekend. The plaintiff was pulled over for allegedly speeding at 10 percent or more above the posted speed limit. Defendant John Westerman of the THP initiated the traffic stop. The defendant immediately made disparaging and insulting remarks at the beginning of the encounter.

12. Defendant Matthew Walts of the TDPS arrived and performed an assisted K-9 unit search of the plaintiff's vehicle. The defendants found only a CBD vape pen and accessories along with packaging of the consumable hemp product which stated on its face that the items were indeed CBD. Verbal threats involving the race of the plaintiff were made.

13. The defendants staged a racially motivated crime against the plaintiff. The defendants covered body cam footage that included exonerable moments during the arrest as they removed the plaintiff's property from his vehicle only then to stage a crime as they threw the items back into the vehicle to appear criminal. The items of accused criminal nature that were thrown back into the plaintiff's vehicle, of which the defendants staged, included casual black clothing, an empty gas can, empty glass bottles and paper napkins. The plaintiff clearly explained the legitimacy of how the items were to be used and how he is in a music group, PLANTATIONS. The plaintiff explained how large P's, in his band's font, can clearly be seen on the empty bottles indicating that the items are indeed prop items as it was a brand owned by his company.

14. The plaintiff was then placed under arrest and charged with speeding over 10 percent or more above the posted limit, possession of controlled substance less than 1 gram, and unlawful use of criminal instruments; case number A-20-1061-SA. The plaintiff was taken to the Tom Green County Jail ( TGCJ ) located at 116 E Harris Avenue San Angelo, TX 76903. The defendants arranged for the impounding of the plaintiff's vehicle and the items they staged at Home Motors located at 3828 Christoval Rd, San Angelo, TX 76904. The only physical evidence admitted by the defendants was the plaintiff's phone during case number A-20-1061-SA. No other physical

items remained in care, custody, or control of the defendants. The plaintiff endured being held in quarantine lockdown. Mugshots and thumbprints were taken. The plaintiff was subject to strip searches and displaying of genitals on command, sleeping on the floor, using the lavoratories and showering in view of guards and inmates, and 24 hour video surveillance. The plaintiff was subject to surrounding sickness and disease including, but not limited to, COVID-19, HIV, Hepatitis B, and the common cold. The plaintiff performed unpaid labor including cleaning duties in effort to keep the jail cells sanitary during COVID-19. The duties performed included sweeping, mopping, and scrubbing of the jail cells. The plaintiff was involved in physical altercations with Texas prison gangs.

15. On May 03, 2020, a bond was set by the magistrate for a net of $15,000 USD. {$7,500 for the charge of possession of controlled substance less than 1 gram} and {$7,500 for unlawful use of criminal instruments}; case number A-20-1061-SA. After communications with Angelo Bail Bonds, located at 1 S Chadbourne St, San Angelo, TX 76903, the plaintiff made bail and was released on bond the afternoon of May 03, 2020.

16. Following release from imprisonment at the TGCJ, the plaintiff suffered from the constitutional violations and racial discrimination enacted by the defendants. After beginning a prosecution for 2 felonies, the plaintiff observed damage to his professional accountancy. The plaintiff's health was at risk due to being exposed to the COVID-19 from within the jail.

17. On May 04, 2020, the plaintiff, while free on bond, recovered his vehicle from Home Motors. The plaintiff paid the requested fines and taxes. Upon immediate view and entry of his vehicle, the plaintiff discovered that his belongings were scattered throughout the vehicle. The vehicle appeared to have been ransacked during case number A-20-1061-SA. The plaintiff inferred that the defendants engaged in the planting of evidence; evidence that they had recently charged and imprisoned the plaintiff for. Namely, a travel duffle bag, empty gas can, empty glass bottles with his band's logo, paper towels, and CBD vape pen accessories were thrown into the plaintiff's vehicle in an altered state.

4

18. Following the initial charges of case number A-20-1061-SA the defendants performed multiple investigations. Details of these investigations clearly indicated that there were no potential threats or unlawful acts to any person, place, or thing within the State of Texas. The investigators at some point contacted personnel at Home Motors. Details of this investigation also clearly indicated that the plaintiff's vehicle was indeed ransacked by the defendants themselves as they scattered and planted items of accused criminal nature into the plaintiff's vehicle.

19. On May 12, 2020, via email communications, the defendant John Westerman notified the plaintiff on the status of the download of his phone. The defendant Gary Cole of the TGCSO is the detective officer responsible for the download information technology and investigation.

20. On June 10, 2020, via email communications, defendant John Westerman and the plaintiff met at the TDPS field office located 1600 W 306 Loop, San Angelo, TX 76904 for the return of the plaintiff's phone. The defendant tried to perform an interrogation of the plaintiff to no avail. The plaintiff refused questioning and pleaded the 5th amendment as he was still not provided with a court appointed council. The defendant John Westerman persisted with malicious remarks concerning the plaintiff's upbringing in the Texas foster care system. The plaintiff's property was finally released after questioning.

21. On November 05, 2020, the plaintiff was detained in Grand Junction, Colorado. The officers put the plaintiff on his knees and placed a loaded gun to his head as they questioned him. The plaintiff refused questioning and was booked into the Mesa County Detention Center located at 215 Rice Street, Grand Junction, CO 81501. No physical evidence or criminal items were admitted into evidence. The plaintiff endured being held in quarantine lockdown. Mugshots and thumbprints were taken. The plaintiff was subject to strip searches and displaying of genitals on command, sleeping on the floor, using the lavoratories and showering in view of guards and inmates, and 24 hour video surveillance. The plaintiff was subject to surrounding sickness and disease including, but not limited to, COVID-19, HIV, Hepatitis B, and the common cold. The plaintiff performed unpaid labor including sweeping, mopping, and scrubbing of the jail cells. The plaintiff was involved in physical altercations with Colorado prison gangs. A net boud of

$15,000 USD was set by the magistrate. On November 12, 2020, the plaintiff was indicted for unlawful use of criminal instruments; case number A-20-1061-SA.

22. On February 23, 2021 the plaintiff was federally extradited to Texas. The plaintiff was put into handcuffs, shackles, and wore a mask throughout the duration of the federal transfer. The plaintiff was subject to strip searches while boarding the Denver International Airport located at 8500 Pena Blvd, Denver, CO 80249. The plaintiff was not allowed to use the lavoratories while on the flight. Thus, the plaintiff urinated on himself amidst the flight. After touchdown in Houston, the plaintiff was jostled wearing his soiled garments through the George Bush Intercontinental Airport located at 2800 N Terminal Rd, Houston, TX 77033. After touchdown in Midland, the plaintiff was jostled wearing his soiled garments through the Midland International Air and Space Port located at 9506 La Force Blvd, Midland, TX 79706.

23. On February 24, 2021, the plaintiff was booked into the Tom Green County Jail (TGCJ) located at 4382 N US Hwy 277 San Angelo, TX 76905 for case number A-20-1061-SA. No physical evidence or criminal items were admitted into evidence. Mugshots and thumbprints were taken. The plaintiff endured being held in quarantine lockdown. The plaintiff was subject to strip searches and displaying of genitals on command, sleeping on the floor, using the lavoratories and showering in view of guards and inmates, and 24 hour video surveillance. The plaintiff was subject to surrounding sickness and disease including, but not limited to, COVID-19, HIV, Hepatitis B, and the common cold. The plaintiff performed unpaid labor including cleaning duties in effort to keep the jail cells sanitary during COVID-19. The unpaid labor was performed in weekly 8 hour shifts. The duties performed included cooking, sweeping, mopping, and scrubbing of the jail cells and the jail kitchen. The plaintiff was involved in physical altercations with Texas prison gangs. A net bond of $7,500 USD was set by the magistrate.

24. On March 15, 2021, after communications with Clear Choice Bail Bonds, located at 1319 S Oakes St, San Angelo, TX 76903, the plaintiff made bail and was released on bond.

6

25. On December 23, 2021, the plaintiff was detained in Austin, Texas. The plaintiff refused questioning and was booked into the Travis County Jail located at 500 W 10th St, Austin, TX 7870. The plaintiff endured being held in quarantine lockdown. Mugshots and thumbprints were taken. The plaintiff was subject to strip searches and displaying of genitals on command, sleeping on a rat infested floor, using the lavoratories and showering in view of guards and inmates, and 24 hour video surveillance. The plaintiff was subject to surrounding sickness and disease including, but not limited to, COVID-19, HIV, Hepatitis B, and the common cold. The plaintiff performed unpaid labor including cleaning duties in effort to keep the jail cells sanitary during COVID-19. The duties performed included sweeping, mopping, and scrubbing of the jail cells. The plaintiff was involved in physical altercations with Texas prison gangs. A net bond of $5,000 USD was set by the magistrate.

26. On December 30, 2021, the plaintiff was booked into the Tom Green County Jail located at 4382 N US Hwy 277, San Angelo, TX 76905. The plaintiff endured being held in quarantine lockdown. Mugshots and thumbprints were taken. The plaintiff was subject to strip searches and displaying of genitals on command, sleeping on a rat infested floor, using the lavoratories and showering in view of guards and inmates, and 24 hour video surveillance. The plaintiff was subject to surrounding sickness and disease including, but not limited to, COVID-19, HIV, Hepatitis B, and the common cold. The plaintiff performed unpaid labor including cleaning duties in effort to keep the jail cells sanitary during COVID-19. The duties performed included sweeping, mopping, and scrubbing of the jail cells. The plaintiff was involved in physical altercations with Texas prison gangs. The plaintiff was refused bond by the magistrate.

27. On April 18, 2022, a 2 day trial began for case number A-20-1061-SA; [Willie J Cantrell v The State of Texas]. The event was held at the Tom Green County Courthouse located at 112 W Beauregard Avenue, San Angelo, TX 76903. A panel of jurors were selected. The Honorable Carmen Dusek was the presiding judge for the trial in the 51st District Court. Emily Martinez was the court appointed lead attorney for the plaintiff, Willie J Cantrell. Defendant John Westerman failed to appear while the defendants Matthew Walts and Gary Cole were in attendance. The district attorney representing the State of Texas was Allison Palmer along with her assistant. The district attorney for the State of Texas failed to present physical evidence of

criminal instruments as none was admitted into evidence at the initial time of arrest. The district attorney for the State of Texas called forth their witnesses. After cross examination by Emily Martinez, the court recognized several exonerable facts. Oral statements were made by the defendants that there was indeed racial profiling against plaintiff Willie J Cantrell. The defendants admitted that they made racial comments particularly relating to the murder of George Floyd. The defendants admitted that they failed to gather evidence at the initial time of arrest. The defendants admitted that they placed the items of alleged criminal nature into the plaintiff's vehicle without the plaintiff's knowledge and to the plaintiff's detriment, unconstitutionally. The defendants admitted that they were in contact with the plaintiff's foster family without his knowledge and to the plaintiff's detriment, unconstitutionally. Emily Martinez presented statements about the legitimate legality of CBD and consumable hemp products. No physical evidence of controlled substances were presented by the State of Texas because no physical evidence was collected at the initial time of arrest. Emily Martinez presented statements about the legitimate legality of the alleged criminal instruments. No physical evidence of criminal instruments were presented by the State of Texas because no physical evidence was collected at the initial time of arrest. The contents of plaintiff Willie J Cantrell's personal phone were displayed electronically for the jury during the public trial for case number A-20-1061-SA. The contents shown of the plaintiff's personal property included several images, videos, musical creations, and notes. The private property of plaintiff Willie J Cantrell's band, PLANTATIONS, was displayed during the trial. Closing statements were made.

28. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty by a jury of peers and acquitted for case number A-20-1061-SA. The State of Texas provided no immediate assistance following the plaintiff's acquittal. The plaintiff was informed of his right of expungement of case number A-20-1061-SA.

29. On April 19, 2022, without the plaintiff's consent, Willie J Cantrell was put back into shackles and taken back to the Tom Green County Jail even after having been acquitted by a jury. The life and limb of the plaintiff was again jeopardized for no reason. The plaintiff endured being held in quarantine lockdown. The plaintiff was subject to strip searches and displaying of genitals on command, using the lavoratories and showering in view of guards and inmates, and

24 hour video surveillance. The plaintiff was subject to surrounding sickness and disease including, but not limited to, COVID-19, HIV, Hepatitis B, and the common cold. The plaintiff was involved in physical altercations with Texas prison gangs after having been acquitted. In the evening of April 19, 2022, after pleading with guards and officers, the plaintiff was finally released.

30. Following the imprisonment and nearly 2 year prosecution of case number A-20-1061-SA caused by the defendants, the plaintiff, Willie J Cantrell, is currently rendered homeless with substantial damage to his professional accountancy and physical health. As a result of the imprisonment caused by the defendants, the plaintiff currently suffers from both bodily and emotional personal injuries and special injuries. The plaintiff currently suffers from physical impairment of the body and disfigurement from the affects of imprisonment in the State of Texas and the State of Colorado. The plaintiff currently suffers from emotional distress, pain and suffering, mental anguish, and exposure to a pandemic disease, namely, COVID-19, from the affects of imprisonment in the State of Texas and the State of Colorado. These are the facts of this petition and may be discussed in court and at trial as allowed by the laws of The United States of America. Henceforth and thus, a lawsuit due to the violation of civil rights of the plaintiff, Willie J Cantrell.

IV. Legal Claims

31. On May 02, 2020, the conduct of the defendants' actions resulted in a 4th amendment violation of an unreasonable seizure of the plaintiff, Willie J Cantrell. The unreasonableness of the seizure is made evident due to false and omitted information along with a lack of probable cause beyond a reasonable doubt during case number A-20-1061-SA. The defendants failed to properly admit evidence, namely, a duffle bag, black clothing, an empty gas can, empty glass bottles, paper napkins, and vape pens accessories. These were items amongst which the plaintiff was falsely accused and imprisoned for. Thus, no reasonable, competent, or credible person would have allowed for the seizure of a person for items not collected. In addition, the defendants engaged in racial profiling and acted with racial prejudice and malice during case number A-20-1061-SA. In particular, the defendants made a verbal threat, stating, "We will find

9

something to charge you with", which indicates that the defendants had evil motives to intentionally cause harm to the plaintiff. By the defendants engaging in racial profiling, they failed to comply with Texas Civil Procedures Relating to the Discrimination of Race (Texas Civil Procedures Chapter 106). Thus, the charges of case number A-20-1061-SA were based on racial biases and therefore lacked a reasonable probable cause. In addition, the defendants failed to properly report information relating to case number A-20-1061-SA in accordance with required governmental rules and regulations. The defendants failed to comply with reporting protocols and disclose all information beneficial to Willie J Cantrell and failed to turn over all exculpatory evidence during case number A-20-1061-SA. By the defendants failing to comply with Federal Supreme Court rules related to the disclosure of evidence (Brady v Maryland 1963), they in turn also failed to comply with Texas Code of Criminal Procedures Related to Evidence Not To Be Used at Trial, (Texas Code of Criminal Procedures Article 38.23). Thus, no reasonably competent officer or investigator, possessing the information that he [or she] had at the time, would allow the issuance of the procedures displayed on May 02, 2020 by the defendants. The defendants failed to properly secure the safety of the plaintiff's person as Willie J Cantrell was subject to imprisonment at the Tom Green County Jail, The Mesa County Detention Center in the State of Colorado, The Travis County Jail, and federal custody in the Denver International Airport, the George Bush Intercontinental Airport, and the Midland International Air and Space Port during a pandemic disease, namely, COVID-19. Evidence of the imprisonment is found within several court documents and mugshots. Per, Nautical Air and Space Act, 51 U.S.C. 20102 Congressional declaration of policy and purpose (a) Devotion of Space Activities to Peaceful Purposes for Benefit of All Humankind.— Congress declares that it is the policy of the United States that activities in space should be devoted to peaceful purposes for the benefit of all humankind. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061-SA and acquitted. The offending officers and detectives were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constituted an unreasonable seizure under the 4th amendment of the United States Constitution.

32. On May 02, 2020, the conduct of the defendants' actions resulted in a 5th amendment violation of the deprivation of life, liberty, and property of the plaintiff, Willie J Cantrell. Evidence of the unconstitutional deprivation of life, liberty, and property is due to the imprisonment of the plaintiff and the failure to conduct due process of law by the direct and indirect actions of the defendants. The defendants failed to properly conduct due process of law as required by the constitution. In regards to the charge for controlled substance less than 1 gram, the failure to admit into evidence the CBD vape pen accessories indicates that the defendants failed to conduct due process of law to the detriment of the plaintiff. In regards to the charge of unlawful use of criminal instruments, the failure to admit into evidence the accused criminal items indicates that the defendants failed to conduct due process of law to the detriment of the plaintiff. Namely, a duffle bag, empty gas can, empty glass bottles, and paper napkins were amongst items not admitted into evidence. As such, being deprived of life by imprisonment at the Tom Green County Jail, The Mesa County Detention Center in the State of Colorado, The Travis County Jail, and federal custody in the Denver International Airport, the George Bush Intercontinental Airport, and the Midland International Air and Space Port was directly caused by the failure of due process by the defendants. Evidence of the imprisonment is found within several court documents and mugshots. Therefore, the defendants failed to secure the plaintiff's life, liberty, and property by Willie J Cantrell being subject to imprisonment. Additional due process of law failures are made evident when the defendants failed to disclose the complete information and investigations of case number A-20-1061-SA. The defendants failed to comply with disclosure protocols in which the prosecution, during the criminal case, must properly disclose all information beneficial to Willie J Cantrell and turn over all exculpatory evidence to his defense counsel, Emily Martinez. In case number A-20-1061-SA, no physical criminal items were admitted into evidence, yet criminal charges were filed to the plaintiff's detriment. This was an obvious failure of due process of law as this information was withheld. Additional exculpatory information withheld by the defendants include the investigation with the plaintiff's foster family and conversations with personnel from the car impound service, Home Motors. Details from these investigations indicate that there were no plausible criminal threats to any person, place or thing. Details from these investigations also indicate that the defendants had actually planted evidence of the criminal items into the plaintiff's vehicle without his knowledge and to his detriment. This was an obvious failure of due process of law as this was information

that was withheld. Thus, by the defendants failing to comply with the Federal Supreme Court rules relating to the disclosure of evidence, (Brady v Maryland 1963), they in turn also failed to comply with Texas Code of Criminal Procedures Related to Evidence Not To Be Used at Trial, (Texas Code of Criminal Procedures Article 38.23). Per, Nautical Air and Space Act, 51 U.S.C. 20102 Congressional declaration of policy and purpose (a) Devotion of Space Activities to Peaceful Purposes for Benefit of All Humankind.— Congress declares that it is the policy of the United States that activities in space should be devoted to peaceful purposes for the benefit of all humankind. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061-SA and acquitted. The offending officers and detectives were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constituted the deprivation of life, liberty, and property, without due process of law under the 5th amendment of the United States Constitution.

33. On May 02, 2020, the conduct of the defendants' actions resulted in a 5th amendment violation of the taking of property for public use without just compensation against the plaintiff, Willie J Cantrell. Evidence of the unconstitutional taking of private property for public use is due to a lack of consent by the plaintiff, lack of legal authority by the defendants, and a failure to provide just compensation for the private property taken for public use, whether tangible or intangible. The private property taken was the plaintiff's Apple IPhone and its contents. The public use was the downloaded contents of the plaintiff's device displayed during the public trial of case number A-20-1061-SA held on April 18, 2022 and April 19, 2022 at the Tom Green County Courthouse in the 51st District Court. The length of the time of confiscation of the plaintiff's physical device was from May 02, 2020 to June 10, 2020. The length of time of confiscation of the plaintiff's intangible property was from May 02, 2020 until acquittal at trial on April 19, 2022. During the traffic stop on May 02, 2020, the defendants searched through the plaintiff's device in an effort to create an unreasonable situation out of bigotry. No warrant was issued before they searched the plaintiff's device. The defendants testified to comments made about the murder of George Floyd in relation to case number A-20-1061-SA. This was the original excuse the defendants used to justify holding the plaintiff in criminal contempt, not suspicious cell phone data which they later changed their story to. Plainly, the plaintiff's phone only contained evidence of the plaintiff's music group, PLANTATIONS, along with notes,

videos, and pictures related to artistic expression. The videos and pictures were displayed at the jury trial held on April 18, 2022 and April 19, 2022 at the Tom Green County Courthouse. The plaintiff was found not guilty and acquitted. Thus, due to the defendants' failure to render a complete and valid warrant, specifically stating the items to be confiscated, the defendants had no legal authority and had no plausible cause to suspect any unlawful use of criminal instruments; as the defendants did not collect the items they claimed to be criminal. The defendants instead took the plaintiff's phone in order to create a false story as they claimed, "We will find something to charge you with". As a result, the contents of the plaintiff's private personal property has been displayed at a public trial without a form of compensation being made to the owner of the content, the plaintiff. Therefore, the plaintiff is constitutionally owed compensation for the taking of private property for public use. The defendants were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constituted the taking of property for public use without just compensation under the 5th amendment of the United States Constitution.

34. On May 02, 2020, the conduct of the defendants' actions resulted in the cruel and unusual punishment inflicted under the 8th amendment of the United State Constitution. Evidence of the unconstitutional cruel and unusual punishment of the plaintiff is due to the imprisonment and punishment of the plaintiff by the direct and indirect actions of the defendants. Due to incarceration from A-20-1061-SA caused by the defendant, the plaintiff was subject to unnecessary, painful, degrading, and prolonged suffering while imprisoned in the Tom Green County Jail, The Mesa County Detention Center in the State of Colorado, The Travis County Jail, and federal custody in the Denver International Airport, the George Bush Intercontinental Airport, and the Midland International Air and Space Port. The plaintiff was unnecessarily made subject to strip searches, displaying of genitals, sleeping on a rat infested floor, using the lavoratories and showers in view of guards and inmates. The plaintiff was unnecessarily subjected to prison gangs and faced life threatening physical violence. Due to the plaintiff being detained while in the care, custody, and control of the defendants during COVID-19, the plaintiff was unreasonably exposed to a pandemic disease. The conditions of the treatment faced by the plaintiff while detained is considered and deemed to be cruel and unusual punishment. The defendants failed to provide adequate detainee treatment as required by U.S.C. Section 2000dd.

Per, Nautical Air and Space Act, 51 U.S.C. 20102 Congressional declaration of policy and purpose (a) Devotion of Space Activities to Peaceful Purposes for Benefit of All Humankind.— Congress declares that it is the policy of the United States that activities in space should be devoted to peaceful purposes for the benefit of all humankind. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061-SA and acquitted. The offending officers and detectives were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constituted cruel and unusual punishment under the 8th amendment of the United States Constitution.

35. On May 02, 2020, the conduct of the defendants' actions directly violated the 8th amendment rights and resulted in excessive bail to the detriment of the plaintiff, Willie J Cantrell. A net bond amount of $15,000 USD was set for the accused charges relating to case number A-20-1061-SA. Evidence of unconstitutional excessive bail is due to the ultimate innocence of the plaintiff and the several payments made in order to secure the release of the plaintiff. The defendants' action directly caused excessive bail being set against the plaintiff. A bond for a first time offense of $15,000 is excessive, especially within the facts that no evidence of criminal nature was admitted into evidence by the defendants nor were lab tests performed. Throughout the prosecution of case number A-20-1061-SA, the defendants caused the plaintiff to be subject to several court pavements including bail bonds from the jail, fines incurred from the vehicle impound, late fees, and additional taxes on these payments, respectively. Evidence of bond records is found within several court documents . On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061-SA and acquitted. The offending officers and detectives were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constituted excessive bail under the 8th amendment of the United States Constitution.

36. On May 02, 2020, the conduct of the defendants' actions resulted in a 13th amendment violation of slavery. Evidence of unconstitutional slavery is due to the imprisonment and unpaid labor performed by the plaintiff while being incarcerated but not duly convicted. Due to the Emancipation Proclamation of 1865, the United States has a federal ban on slavery. The actions of the defendants to wilfully detain the plaintiff during case number A-20-1061-SA has directly

caused the plaintiff to undergo unpaid labor and punishments while imprisoned in the Tom Green County Jail, The Mesa County Detention Center in the State of Colorado, and The Travis County Jail. Evidence of the imprisonment is found within several court documents and mugshots. During the traffic stop of case number A-20-1061-SA the defendants made verbal threats and racial remarks. Due to these remarks, it is clear that there was intent to cause harm to the plaintiff. Verbal threats include racial slurs, derogatory comments, and intentions to inflict physical harm. During the traffic stop there were verbal statements made by the defendants to find and create false information against the plaintiff. Statements from the defendants such as, " We will find something to charge you with, indicates that the defendants had evil motives and intentions to stage a crime scene and plant evidence. By the defendants engaging in racial profiling, they then failed to comply with Texas Civil Procedures Related to the Discrimination of Race, (TX Civil Procedures Chapter 106). Due to evident racial profiling and racial discrimination by the defendants, an unnecessary burden was placed upon the plaintiff. The defendants have no legal authority to cause imprisonment out of racism, nor the work of an individnal without compensation. The plaintiff underwent various forms of punishments during case number A-20-1061-SA including weekly scheduled unpaid labor in 8 hour shifts, sleeping on a rat infested floor, subject to strip searches on command, displaying of genitals, using the lavoratories and showers in view of guards and inmates and 24 hour surveillance. At no time did the plaintiff consent. The defendants failed to provide adequate detainee treatment as required by U.S.C. Section 2000dd. Duties of unpaid labor while incarcerated include sweeping, mopping, scrubbing jail cells and other duties as directed. Per, Nautical Air and Space Act, 51 U.S.C. 20102 Congressional declaration of policy and purpose (a) Devotion of Space Activities to Peaceful Purposes for Benefit of All Hnmankind.— Congress declares that it is the policy of the United States that activities in space should be devoted to peaceful purposes for the benefit of all humankind. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061-SA and acquitted. The offending officers and detectives were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constituted slavery under the 13th amendment of the United States Constitution.

37. On May 02, 2020, the conduct of the defendants' actions resulted in a 14th amendment violation of the deprivation of life, liberty, and property without due process of law. Evidence of the unconstitutional deprivation of life by the defendants is due to the imprisonment of the plaintiff, the failure to conduct due process of law by the defendants, and the denial of the equal protection of law. The defendants failed to properly conduct due process of law as required by the constitution. In regards to the accusation of controlled substance less than 1 gram, the defendants' failure to admit into evidence and perform lab test of the CBD consumable hemp products and vape pen accessories clearly indicates that the defendants failed to conduct due process of law to the detriment of the plaintiff. In addition, CBD is considered a legal consumable hemp product. In regards to the accusation for unlawful use of criminal instruments, case number A-20-1061-SA, the defendants' failure to admit and report the physical evidence of accused criminal nature indicates that the defendants failed to conduct due process of law to the detriment of the plaintiff. Namely, a duffle bag, black clothing, an empty gas can, empty glass bottles, and paper napkins were amongst the items not admitted into evidence. As such, being deprived of life by imprisonment at the Tom Green County Jail, The Mesa County Detention Center in the State of Colorado, The Travis County Jail, and federal custody in the Denver International Airport, the George Bush Intercontinental Airport, and the Midland International Air and Space Port was directly caused by the failure of the defendants to conduct due process of law. Evidence of the imprisonment is found within several court documents and mugshots. The defendants wilfully detained the plaintiff. The plaintiff did not consent at any point to the imprisonment and punishment by the defendants. The defendants had no legal authority to deprive the plaintiff of his freedom and property. Since, during the case of A-20-1061-SA, the defendants failed to properly admit evidence and failed to comply with reporting requirements, the defendants therefore failed to give due process of law to the plaintiff. The failure of due process resulted in the imprisonment of the plaintiff and a 14th amendment violation. By the defendants failing to comply with Federal Supreme Court rules related to the disclosure of evidence (Brady v Maryland 1963), they in turn also failed to comply with Texas Code of Criminal Procedures Related to Evidence Not To Be Used at Trial, (Texas Code of Criminal Procedures Article 38.23). The defendants' failure to provide the plaintiff equal protection of law is caused by racial discrimination. Due to verbal threats made by the defendants during case number A-20-1061-SA, it is clear that there was intent to cause harm to the plaintiff. These

verbal threats include racial slurs, derogatory comments, and intentions to inflict physical harm. During the traffic stop there were verbal statements made by the defendants to find and create false information against the plaintiff. Statements such as, "I will find something to charge you with", indicates that the defendants had evil motives and intentions to stage a crime scene and plant evidence. On May 04, 2020, the plaintiff discovered that his vehicle had been ransacked and the items he was imprisoned for were thrown into the vehicle in an altered state. Since the plaintiff's belongings were placed into his vehicle and scattered about, it is evident that the defendants did indeed engage in the staging of a crime and planting evidence against the plaintiff. In doing so, the defendants denied the plaintiff of the equal protection of law. By the defendants engaging in racial profiling they then failed to comply with Texas Civil Procedures related to the discrimination of race. (Texas Civil Procedures Chapter 106). Per, Nautical Air and Space Act, 51 U.S.C. 20102 Congressional declaration of policy and pnrpose (a) Devotion of Space Activities to Peaceful Purposes for Benefit of All Humankind.— Congress declares that it is the policy of the United States that activities in space should be devoted to peaceful purposes for the benefit of all humankind. On April 19, 2022, the plaintiff, Willie J Cantrell, was found not guilty of case number A-20-1061-SA and acquitted. The offending officers and detectives were acting under color of law during case number A-20-1061-SA. The defendants violated the plaintiff's rights and constitution the deprivation of life, liberty, and property without due process of law under the 14th amendment of the United States Constitution.

38. On April 19, 2022, the initial conduct of the defendants' actions resulted in a 5th amendment violation of double jeopardy of life and limb of the plaintiff, Willie J Cantrell. Evidence of unconstitutional double jeopardy is due to the plaintiff being held in criminal contempt even after acquittal. The actions of the defendants to wilfully and repeatedly detain the plaintiff during case number A-20-1061-SA directly caused the plaintiff to be detained unreasonably after the conclusion of case number A-20-1061-SA. After spending several months incarcerated awaiting trial, the plaintiff was found not guilty yet was placed back into custody without his permission and to his detriment. The plaintiff was perfectly able to be released from the Tom Green County Conrthouse, yet, in view of the entire courtroom, the plaintiff was put back into shackles as he was taken from the courthouse to the Tom Green County Jail. Again, the plaintiff was subject to strip searches on command, displaying of genitals, sleeping on the floor, and using lavoratories

and showers in view of guards, inmates, and cameras. Again, the plaintiff was subjected to Texas prison gangs and faced life threatening physical violence while being an innocent man as deemed by a jury of peers. Again, the plaintiff was exposed to a pandemic disease, namely, COVID-19. The conditions of the treatment faced by the plaintiff while detained after being acquitted is considered and deemed to be double jeopardy of life and limb. The defendants failed to provide adequate detainee treatment as required by U.S.C. Section 2000dd. After pleading with guards and officers to be released, the plaintiff was finally set free the evening of April 19, 2022. Therefore, no reasonably competent officer or detective possessing the information the he [or she] had at the time would allow the issuance of the procedures displayed on April 19, 2022 by the result of the actions of the defendants. The defendants were acting under color of law. The defendants violated the plaintiff's rights and constituted double jeopardy of life and limb under the 5th amendment of the United States Constitution.

## V. Damages and Special Damages

39. The plaintiff, Willie J Cantrell, has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants' actions unless this court grants the declaratory and injunctive relief which plaintiff seeks. Henceforth, plaintiff, Willie J Cantrell, seeks monetary relief over $1,000,000 USD, per Rule 47 of the Texas Rules of Civil Procedures.

40. The plaintiff, Willie J Cantrell, seeks special damages for loss of income and loss of earning potential. As a result of the defendants' actions the plaintiff currently suffers a loss of enjoyment of life due to the prolonged incarceration in the State of Texas and the State of Colorado. This suffering has negatively affected the income earning potential of the professional accountancy of the plaintiff. This suffering is expected to continue throughout the remainder of the plaintiff's life. Evidence of loss of earning potential is found within several full time accounting jobs the plaintiff held prior to the arrest. Therefore, in addition to the natural damages sought for the violation of the plaintiff's civil rights, the plaintiff also seeks special damages due to the loss of earniug potential within the plaintiff's profession.

## VI. Statement of Prayer For Relief Sought

Wherefore, the plaintiff, Willie J Cantrell, respectfully prays that this court enter judgment granting plaintiff:

41. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

42. A preliminary and permanent order to the defendants, John Westerman, Matthew Walts, Gary Cole, The Texas Highway Patrol, The Texas Department of Public Safety, and The Tom Green County Sheriff's Office, to immediately and permanently restrain all racial profiling and criminal contempt of the plaintiff, Willie J Cantrell.

43. Compensatory damages in the amonnt of $2,100,000 USD against each defendant, jointly and severally. The damages sought are within the jurisdiction of this court and the State of Texas laws.

44. Punitive damages in the amount of $10,000,000 USD against each defendant, jointly and severally. The damages sought are within the jurisdiction of this court and the State of Texas laws.

45. Pertaining to special damages, additional health benefits and standard annuity payments. The damages sought are within the jurisdiction of this court and the State of Texas laws.

46. A jury trial on all issues triable by jury.

47. A waiver to the cost of the plaintiff's suit as forma pauperis.

48. Any additional relief this court deems just, proper, and equitable.

Respectfully submitted,

*Willie J Cantrell* /s/ Willie

Willie J Cantrell, MBA

williejcantrell.cpa@gmail.com

Dated: 09-08, 2023 (09-08 2023)

### VERIFICATION

I, Willie J Cantrell, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe and know them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at the Texas state capitol in Austin on _____ 2023.